IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RORY DARNELL TAYLOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:16-CV-180-D |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging a prison disciplinary proceeding that took place at the Neal Unit in Potter County, Texas. Petitioner is currently incarcerated at the Neal Unit pursuant to two convictions, one for the offense of possession of a controlled substance with intent to deliver, and the resultant 40-year sentence, and the second for evading arrest/detention, enhanced, and the resultant 20-year sentence. Both convictions are out of the 2nd Criminal District Court of Dallas County, Texas.  *See State v. Taylor*, Nos. F-1251511-I and F-1251510-I. [ECF 12 at 3; 12-1 at 2]. The undersigned United States Magistrate Judge is of the opinion petitioner's application for federal habeas corpus relief should be DENIED.

I.
DISCIPLINARY CHARGE AND PROCEEDINGS

On June 10, 2016, in disciplinary case number 20160305204, petitioner was charged with the offense of refusing to work under Level 2, Code 25.0 of the TDCJ-CID *Disciplinary Rules*

*and Procedures for Offenders.* [ECF 12 at 4, 13-2 at 3]. Specifically, it was alleged that on June 8, 2016 petitioner, "Refused or failed to turn out for his work assignment without a legitimate reason." *Id.* Upon notification of this offense on June 10, 2016, petitioner indicated in writing that he wished to attend a hearing on the charges. [ECF 13-2 at 3].

A Disciplinary Hearing Officer (DHO) conducted petitioner's disciplinary hearing on June 16, 2016 and June 17, 2017. *Id.*[1] The DHO found petitioner guilty of the charged offense based on the officer's report, the officer's testimony and documentary evidence and assessed punishment that included the forfeiture of thirty (30) days previously accrued good time credit.[2] *Id*.

Petitioner unsuccessfully challenged this disciplinary proceeding through the prison grievance system. On June 29, 2016, relief was denied at Step 1 with the following response:

> Only one issue per grievance will be addressed. For the purpose of this complaint, your concerns regarding Disciplinary #20160305204 is being addressed. Major Disciplinary Report #20160305204 and all related investigative documentation has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by the preponderance of the evidence. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within Agency guidelines. Furthermore, you were given the opportunity to present your defense but, you became argumentative during your hearing so therefore, you were excluded from the remainder of your hearing. No further action is warranted in this matter.

[ECF 13-1 at 4]. On July 15, 2016, relief was denied at Step 2 with findings that there was sufficient evidence to sustain the charge and the finding of guilt, that the hearing was conducted per policy with no due process or procedural errors being noted, and that the punishment

---

[1] The DHO recessed the hearing in order to obtain a copy of the laundry work schedule referenced by the complaining officer. [ECF 14, Disciplinary Hearing Audio ("DHA")].

[2] Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's confinement and does not implicate the Due Process Clause of the United States Constitution. *See Sandin v. Conner*, 515 U.S. 472, 478 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

assessed was within agency guidelines. [ECF 19-1 at 4].

Having unsuccessfully challenged the case administratively, petitioner then filed the instant habeas petition challenging the disciplinary proceeding decision.[3]

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated as a result of the disciplinary charge and finding of guilt because:

1. He was denied effective assistance of counsel substitute;

2. His due process rights were violated because he was not allowed to call witnesses;

3. His due process rights were violated because he was denied the right to be heard and present evidence; and

4. He was denied equal protection in all aspects because his counsel substitute and the DHO conspired against his right to a fair and just hearing.

## III.
## EXHAUSTION AND PROCEDURAL DEFAULT

Petitioner's federal habeas application is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Consequently, no relief may be granted unless either petitioner has first exhausted the remedies available in the state courts or an exception to exhaustion exists. However, petitioner's habeas application may be denied on the merits notwithstanding any failure to exhaust remedies available in the state courts. 28 U.S.C.

---

[3]The Texas Court of Criminal Appeals has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

§ 2254(b)(2). This AEDPA deference scheme also applies to a habeas challenge to the determination resulting from a prison disciplinary procedure for which appeal is available through the grievance process. *Baxter v. Estelle*, 614 F.2d 1030 1031-32 (5th Cir. 1980). Such an appeal through the grievance process has been construed to constitute "the right under the law of the State to raise, by [an] available procedure, the question presented." 28 U.S.C. § 2254(c); *see also Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).[4]

Consequently, an inmate challenging a prison disciplinary proceeding on constitutional grounds must exhaust his administrative remedies by following all internal dispute resolution procedures before seeking habeas corpus relief in federal court. To adequately exhaust state remedies, a claim for habeas relief must include not only reference to a specific federal constitutional guarantee but must also demonstrate the petitioner is entitled to relief; a general appeal to a constitutional guarantee as broad as due process is inadequate to present the "substance" of the claims. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). Nor is a federal claim adequately presented to the state by presenting somewhat similar claims. *Cf. Wilder v. Cockrell*, 274 F.3d 255, 259-60 (5th Cir. 2001).

Respondent conceded that petitioner has properly exhausted the claims presented herein. [ECF 19 at 2-3].

## IV.
## STANDARD OF REVIEW

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a

---

[4]Petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings or the denial of good conduct time credit under the Prison Management Act. *Ex parte Palomo,* 759 S.W.2d 671 (Tex. Crim. App. 1988).

prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions that must be satisfied. 418 U.S. 539 (1974). Those are:

(1) advance written notice of the charges;

(2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and

(3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

*Id*. at 563-566.

V.
MERITS

1.
Ineffective Assistance of Counsel Substitute

By his first ground, petitioner asserts he was denied effective assistance of counsel substitute for multiple reasons. [ECF 3 at 6, 11]. The United States Supreme Court has held "inmates do not 'have a right to either retained or appointed counsel in disciplinary hearings.'" *Baxter v. Palmigiano,* 425 U.S. 308, 315 (1976) (citing *Wolff,* 418 U.S. at 570, 94). Under *Baxter*, petitioner may not complain about the inadequacy of his counsel substitute at the disciplinary hearing, as he was not entitled to representation. Because petitioner did not have a right to either appointed or retained counsel at his prison disciplinary hearing, there was no constitutional violation on which habeas relief can be granted based on ineffective assistance of counsel substitute. *See Enriquez v. Mitchell,* 533 F.2d 275, 276 (5th Cir.1976). Petitioner's first claim should be denied.

2.
Due Process

As stated *supra* and thoroughly briefed by respondent, petitioner was afforded all the due process to which he was entitled under *Wolff*. The record shows that petitioner received written notice of the charges at approximately 9:58 a.m. on June 10, 2016, in advance of the twenty-four hour period of preparation required under the first prong of *Wolff*. [ECF 12 at 15, 13-2 at 3]; *Wolff*, 418 U.S. at 564. Petitioner signed this notice proving that he was properly provided with the written notice. *Id.* The first prong of the *Wolff* requirements was satisfied.

Further, after the conclusion of the disciplinary hearing, petitioner received a copy of the TDCJ Disciplinary Report and Hearing Record form on which the DHO noted the guilty finding and listed the reasons for the determination of guilt, namely, the charging officer's written report and hearing testimony, as well as documentary evidence. [ECF 13-2 at 3]. Petitioner signed this form in acknowledgement of its receipt. *Id.* Accordingly, the third prong of *Wolff* was satisfied.

By his second and third claims petitioner argues his due process rights were violated because he was denied the right to call witnesses, present evidence, and be heard at the disciplinary hearing. The second prong of *Wolff* mandates an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566.

Petitioner claims that the DHO denied him the right to call witnesses; however, such claim is without merit. Petitioner conceded to the DHO that counsel substitute advised him of his right to present documentary evidence and have witnesses testify. [ECF 12 at 15-16, Disciplinary Hearing Record; ECF 14, DHA]. When the DHO asked counsel substitute to call petitioner's witnesses she responded, "He had two [witness statements], but I'm not going to read them

because they're not beneficial to the [petitioner]." [ECF 12 at 16; ECF 14, DHA]. Further, petitioner did not attempt to call witnesses Sergeant Martin and offenders Troy and Gerald Durst, the witnesses he now claims the DHO excluded. [ECF 3 at 6; ECF 14, DHA].

The Court in *Wolff* granted substantial discretion to the DHO to make the determination of when to allow documentary evidence and witnesses. "Prison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Wolff*, 418 U.S. at 566. In this case, the DHO told petitioner she would allow his witnesses if she felt they were necessary after the charging officer's testimony. Apparently, she did not find it necessary, and she was within her discretion to deny witnesses, especially in light of the charging officer's testimony and the two unfavorable witness statements. As argued by respondent,

> The reasons provided by the DHO were therefore related to preventing undue hazards to institutional safety or correctional goals, and to balancing "institutional needs and objectives and the provisions of the Constitution that are of general application." *Wolff*, 418 U.S. at 556. Where the DHO did not permit the calling or questioning of the witness, she did so because the witness's testimony was unnecessary or irrelevant. DHA. The actions of the DHO therefore satisfied the second prong of *Wolff*, and Taylor's second claim should be denied.

[ECF 12 at 18]. The undersigned agrees; petitioner's second claim should be denied.

Petitioner's third claim that he was denied the right to present evidence and be heard is likewise without merit. A DHO has the same discretion when evaluating petitioner's right to present evidence as he does evaluating the right to present witnesses. *See Wolff*, 418 U.S. at 566. To the extent petitioner re-urges his claim that he was denied the right to call offenders Troy and Gerald Durst as witnesses, that claim has been addressed. To the extent petitioner claims he was

not allowed to present the testimony of Sergeant Martin, either as a witness or through a statement, such claim, as expressed by counsel substitute, would not have been beneficial. Sergeant Martin's witness statement, which presumably his hearing testimony would have duplicated, stated, "I am not aware of this incident." [ECF 13-2 at 10]. To the extent petitioner claims the DHO denied him the ability to obtain medical records or call a clerk, this claim too is without merit. Petitioner has not demonstrated how these records or testimony would have rebutted the testimony of the charging officer who was very clear that petitioner failed to report for work on his scheduled day and when told to report the next day, failed to follow that order. [ECF 14, DHA]. Petitioner was permitted to present a defense. He made a statement on his own behalf, he was allowed to cross-examine the charging officer and his counsel substitute made a closing statement on his behalf. [ECF 12 at 19-20, citing ECF 14, DHA].

Finally, to the extent petitioner argues the DHO erred when she failed to allow him to attend the hearing once it reconvened on June 17, 2016, this claim is without merit. Petitioner did not have an absolute right to attend the disciplinary hearings. TDCJ-CID rules and procedures specifically provide that inmates may be excluded from a hearing if their behavior justifies their exclusion. *Disciplinary Rules and Procedures for Offenders*, Section VI. A. (February 2015). The disciplinary records reflect the DHO excluded petitioner from the June 17, 2016 hearing because he became argumentative with her at the hearing on June 16, 2016. The DHO warned petitioner not to argue with her or he could be removed. The DHO was justified in excluding petitioner from the disciplinary hearings based on petitioner's behavior, and his counsel substitute agreed on the record with the decision to remove him. [ECF 14, DHA]. Petitioner's

exclusion from the hearings does not amount to a violation of due process or a denial of any other constitutional right. Petitioner's second and third claims should be denied.

### 3.
### Final Claim

By his fourth claim petitioner asserts, "A violation of Fed. Law under the 14th Amendment, 18 U.S. § 241 and 18 U.S. §§ 242, due process, denied witnesses, denied the right to be heard, denied equal protection in all aspects." [ECF 3 at 7]. Petitioner also states, "Counsel Substitute Perez and D.H.O. Capt. Carrean are in violation of federal law, conspiracy against Petitioner's rights to a fair and just hearing…These facts are herein through this petition and in Petitioner's step one and step two state grievance." *Id*. at 7, 14.

To the extent petitioner re-asserts claims already addressed herein, the undersigned has recommended denial. To the extent petitioner asserts a new claim, petitioner has presented nothing other than conclusory allegations, unsupported by evidence in the record, and these bald assertions are too vague, conclusory and unsupported to be of probative evidentiary value in support of his claim.   *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir.2000) (citing *Ross v. Estelle,* 694 F.2d 1008, 1012 (5th Cir.1983)). Finally, to the extent petitioner raises an equal protection claim that would prevent disparate treatment of similarly situated classes of inmates, such a claim sounds in civil rights.   Alleged civil rights violations are not properly before this Court in a habeas corpus action. For these reasons, petitioner's fourth claim should be denied.

### VI.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner RORY DARNELL TAYLOR be DENIED.

VII.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 7, 2018.

<u>                                        </u>
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

\* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).